UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-424-CR-NESBITT
MAGISTRATE JUDGE GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

KINERET KASHTI,
YEHUDA KASHTI,
ELI TISONA, et. al.,
    Defendants.
_____/



FILED by _____ D.C.

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by an Order of Reference from the Honorable Lenore C. Nesbitt, United States District Judge. This Report and Recommendation is hereby submitted on the following motions:

1. Defendants Yehuda and Kineret Kashti's Motion to Dismiss Counts 2 through 146.

2. Defendant Yehuda Kashti's Motion to Dismiss Counts 147 through 161.

A hearing was held on these Motions on February 25, 1997. Prior to ruling, the Court has considered all submissions, as well as the argument of counsel.

#215
HL

## **BACKGROUND**

Counts 2 through 61 charge the Kashtis and two others with causing a domestic financial institution to file Currency Transaction Reports (CTRs) which contained material omissions and misrepresentations of fact. Specifically, it is alleged that Defendants identified on the CTRs the source of the funds being deposited, with full knowledge that these entities were not the true source of the funds. Defendants contend that these counts are flawed because they do not identify on whose behalf the Grand Jury believed the funds were actually deposited. Counts 62 through 122 charge the Kashtis with filing CTRs with knowledge that the funds were actually the proceeds of narcotics transactions. Defendants contend that these counts are flawed because they do not provide specifics concerning the unlawful activity that generated the funds. Counts 123 through 146 charge the Kashtis and two others with transporting from a place in the United States to a place outside the United States funds they knew represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and control the proceeds of the unlawful activity. Defendants contend that these counts are flawed as well, for failing to contain a factual description of the controlled substance activities which

allegedly resulted in the generation of the funds. The Defendants are also charged with violating Title 18, United States Code §1001 and 2 in counts 147 through 153, in that it is alleged that they structured larger deposits into increments of less than $10,000 to avoid the filing of CTRs. The manner in which some of these sums were deposited also is alleged to have violated Title 31, U.S.C. §5322 and 5324(a)(1) as claimed in Counts 154 through 161.

## DISCUSSION

### COUNTS 2 THROUGH 146

As mentioned supra, Defendants assert that the indictment fails to give proper notice because it does not mention inter alia:

1. specifically what acts constituted the distribution of controlled substances relied on by the Grand Jury

2. by name the entity or the person on whose behalf the Grand Jury believed the deposits were made

Defendants contend that if the Government must prove an element, they must allege it with the requisite specificity so that the Defendant is informed of the charges he must meet and with enough detail so that he may plead double jeopardy in a future prosecution based on the same set of events.

3

After review of all submissions, as well as an analysis of the applicable case law, this Court finds that the Defendants' contentions are without merit.

Federal Rule of Criminal Procedure 7(c)(1) provides that "the indictment... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Further, "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself..." See Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907 (1974). Here, it has not been argued that the language of this indictment does not track the language of the statutes at issue. The Government correctly asserts that the details of how the Kashtis committed the offense charged need not be pled in the indictment. Counts 2 through 61, which charge evasion of reporting requirements, specify the date of the transaction, the amount of the deposit, and the name of the account into which the funds were deposited. Likewise, Counts 62 through 122, regarding money laundering, identify the specifics of each money laundering transaction, i.e. the date, location, amount, and corporations on whose behalf the money was deposited. The same is true of Counts 123 through 146, which pled the requisite specifics of each financial transaction at issue, including the date, amount of money, the account the money was

4

transferred from, the bank and location to which it was transferred and the name, if available, of the account the wired funds were accredited to.

As the Fifth Circuit held in <u>United States v. Guthartz</u>, 573 F. 2d 225, 227 (5th Cir. 1978), specificity is not the determining factor in evaluating the sufficiency of an indictment. After a review of the indictment, this Court finds that Counts 2 through 146 were pled with sufficient specificity to meet the established test determining the constitutional adequacy of an indictment as set forth in <u>Hamling</u>, to wit:

> First, it must contain the elements of the offense charged, and fairly inform the defendant of the charge against which he must defend; and second, enable him to plead an acquittal or conviction in bar of any future prosecution for the same offense. <u>See</u> 418 U.S. at 117.

The Defendants additionally assert that the various counts do not incorporate by reference the allegations of the other counts. However, the Court notes that although precision and proper notice to a defendant cannot be sacrificed, "an indictment must be read to include facts which are necessarily implied by the specific allegations made." <u>U.S. v. Stavroulakis</u>, 952 F.2d 686, 693 (2nd Cir. 1992).

Hence this Court finds that the indictment regarding Counts 2 through 146 were properly pled.

5

## COUNTS 147 THROUGH 161

Defendant Yehuda Kashti moves to dismiss on the grounds that Counts 147 through 161 of the indictment allege that the structuring deposits were made by his wife, Kineret Kashti, and not by him. Given these allegations, Defendant Yehuda Kashti concludes that no jury could find him guilty of structuring, therefore these counts should be dismissed. The Government avers that because Yehuda may not have personally made the deposits that form the basis of the Title 18, U.S.C. §1001 offense is irrelevant, since he is charged as a principal and an aider and abettor under 18 U.S.C. §2.

It is the Government's position that in order to aid and abet the commission of an offense, a defendant must "associate himself" with it, must "participate in it as in something that he wishes to bring about," and must "seek by his action to make it succeed." See Nye & Nissen v. United States, 336 U.S. 613, 619, (1949). This Court finds that despite the fact that Yehuda may not have personally made the deposits at issue does nothing to diminish the validity of the indictment against him. If this Court were to adopt the position of Defendant that only a party that personally commits the crime may be charged as an aider and abettor, such a

ruling would make it virtually impossible to charge anyone as an aider and abettor under this statute.

Finally, in view of all of the foregoing, this Court additionally finds Defendant's allegation of bad faith on the part of the Government without to be without merit. The Court does not believe the prosecution in this case was one undertaken "without hope of obtaining a valid conviction." If the acts mentioned in the indictment are proved, then Defendant will have committed the crimes alleged.

## CONCLUSIONS AND RECOMMENDATION

For the reasons set forth herein, the undersigned hereby RECOMMENDS that the Defendants' Motions to Dismiss be DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Lenore C. Nesbitt. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 6th day of March, 1997.

BARRY L. BARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Nesbitt
Counsel of record